

## NUMBER 13-08-00078-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

GONZALES HEALTHCARE SYSTEMS,                        Appellant,

v.

COUNTY OF GONZALES, TEXAS AND
ADVENTIST HEALTH SYSTEM/
SUNBELT HEALTHCARE, INC.,
D/B/A CENTRAL TEXAS MEDICAL CENTER,          Appellees.

On appeal from the 25th District Court of Gonzales County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides**
**Memorandum Opinion by Justice Yañez**

This is an interlocutory appeal of the trial court's denial of a plea to the jurisdiction

filed by appellant, Gonzales Healthcare Systems, a Texas hospital district ("the District").

Based on the Texas Supreme Court's recent decision in *Harris County Hospital District v.*

*Tomball Regional Hospital,* we hold that the District is immune from suit.[1] Accordingly, we reverse the trial court's judgment denying the District's plea to the jurisdiction, dismiss the claims against the District, and remand to the trial court for further proceedings .

## I. Background

In July 2006, W.L. Johnson, an inmate in the Gonzales County jail, became ill. He was taken to Gonzales Memorial Hospital, a facility owned and operated by the District. On July 5, 2006, Johnson signed an application for financial assistance under the District's indigent health care program.[2] On July 6, 2006, Johnson underwent surgery at Gonzales Memorial Hospital. That same day, due to complications of his medical condition, Johnson was transferred to Central Texas Medical Center ("CTMC") in San Marcos.[3] Johnson was not discharged from CTMC until August 3, 2006.[4] The total charge for Johnson's treatment at CTMC was $368,448.60.

After unsuccessfully seeking payment of the medical claim for Johnson's expenses from Gonzales County ("the County") and the District, CTMC sued the County, asserting various causes of action and seeking a declaratory judgment that the County was liable for Johnson's medical expenses.[5] The County filed a counter-claim against CTMC and a cross-claim against the District, contending that the District was responsible for payment

---

[1] *Harris County Hosp. Dist. v. Tomball Reg'l Hosp.*, 283 S.W.3d 838, 841 (Tex. 2009).

[2] The parties disagree over whether the application was complete and other matters. It is undisputed, however, that Johnson's application was never processed by the District.

[3] Adventist Health System/Sunbelt Healthcare, Inc., d/b/a Central Texas Medical Center ("CTMC") is a non-profit hospital located in Hays County, San Marcos, Texas. As explained herein, CTMC is an appellee in this case.

[4] On July 10, 2006, shortly after Johnson's transfer to CTMC, Gonzales County released him from custody; Johnson had served approximately half of his 270-day sentence.

[5] The County is also an appellee in this case.

of Johnson's medical expenses.[6] CTMC later amended its pleadings, asserting, among other claims, that the District and the County are jointly and severally liable for payment of Johnson's expenses and that the District does not have sovereign immunity.

The District filed a plea to the jurisdiction, contending that it was "entitled to governmental immunity against all claims asserted against it." The District later filed an amended plea to the jurisdiction, in which it argued that: (1) it was entitled to governmental immunity; (2) neither CTMC nor the County had standing to assert any claim against the District based on Johnson's alleged indigency and any right accruing to him; and (3) based on the District's discretionary powers, no justiciable controversy existed.[7]

On January 11, 2008, the trial court held a hearing on the District's plea. At the conclusion of the hearing, the trial court stated its opinion that the County was liable for Johnson's medical expenses prior to July 10, 2006 (the date of his discharge), but after that date, the District was responsible for all of Johnson's medical expenses. The trial court denied the District's plea to the jurisdiction.

A few days later, the trial court sent a letter to all counsel, setting forth the following findings and conclusions:

1. There is no evidence that W.L. Johnston [sic] was not indigent and not a resident of Gonzales County at any relevant time for this matter.

2. There is no evidence that there are any relatives or other individuals legally liable for his support.

3. Gonzales Hospital District failed to make a determination or contest W.L.

---

[6] The County later filed an amended counter-claim against CTMC and cross-claim against the District, in which it argued, among other things, that the District was wholly responsible for Johnson's medical expenses and that the District did not have sovereign immunity.

[7] The District subsequently filed a "Supplement and Brief in Support of its First Amended Plea to the Jurisdiction," in which it elaborated on its sovereign immunity claim and non-justiciability argument.

Johnson's indigency at the time of his admission. (Section 17 of the enabling statute says that "manager may cause inquiry to his circumstances"[)].

4. W.L. Johnson discharged his sentence on July 10, 2006 at 8:30 A.M.

5. Gonzales Hospital District waived any right to contest W.L. Johnson's indigency at the time of his admission and assumed the duty to provide medical care.

6. Gonzales Hospital District would be responsible for the total cost of W.L. Johnson's medi[c]al care while in Gonzales County's custody and afterward.

Gonzales Hospital District's plea to the jurisdiction/abatement is DENIED. Adventist Health System's motion for partial summary judgment against Gonzales County is DENIED. Gonzales County's motion for partial summary judgment against Adventist Health System is GRANTED.[8]

This interlocutory appeal by the District ensued. By two issues, the District contends that: (1) appellees, CTMC and the County, lack standing and their claims against the District are non-justiciable; and (2) the District has governmental immunity from suit. Because we find the District's second issue is dispositive, we address it first.

## II. Standard of Review and Applicable Law

"A party asserting governmental immunity to suit challenges the trial court's jurisdiction."[9] "A motion or plea asserting such immunity involves a question of law that we review de novo."[10]

As the supreme court recently stated in *Tomball*:

Governmental immunity protects political subdivisions of the State from lawsuits for damages. Hospital districts have such immunity. Governmental

---

[8] We note that the record contains partial motions for summary judgment filed by CTMC and the County against each other. The trial court's rulings as to these motions for partial summary judgment are not before us, and we express no opinion as to those rulings.

[9] *Tomball Reg'l Hosp.*, 283 S.W.3d at 842.

[10] *Id.*

4

immunity, like the doctrine of sovereign immunity to which it is appurtenant, involves two issues: whether the State has consented to suit and whether the State has accepted liability. Immunity from suit is jurisdictional and bars suit; immunity from liability is not jurisdictional and protects from judgments. Immunity is waived only by clear and unambiguous language.[11]

### III. Discussion

In *Tomball*, the supreme court held that a hospital district is immune from suit by a hospital authority for the recovery of medical expenses for hospital care rendered by the hospital authority to indigent patients.[12] The court found that the Legislature has not waived a hospital district's immunity from suit "either by specific statutory language or by implication from a constitutional and statutory framework."[13]

We conclude that the supreme court's holding in *Tomball* governs this case. In *Tomball*, the supreme court examined chapter 281 of the health and safety code, which addresses "hospital districts in counties of at least 190,000."[14] In the present case, appellees, the County and CTMC, cite the "sue and be sued" language of section 282.048 of the health and safety code.[15] Chapter 282 of the health and safety code addresses "hospital districts in counties of 75,000 or less."[16] However, we have compared chapters 281 and 282, and find no reason that would limit the supreme court's holding in *Tomball* to hospital districts created under chapter 281. Moreover, since the decision in *Tomball*,

---

[11] *Id.* at 842-43 (citations omitted).

[12] *Id.* at 841.

[13] *Id.*

[14] *See* TEX. HEALTH & SAFETY CODE ANN. §§ 281.001-.124 (Vernon 2001 & Supp. 2008).

[15] *See* TEX. HEALTH & SAFETY CODE ANN. § 282.048 (Vernon 2001).

[16] *See id.* §§ 282.001-.127 (Vernon 2001).

appellees have filed no supplemental authority distinguishing the case or arguing that it does not govern the present case.[17]

## IV. Conclusion

Based on the supreme court's decision in *Tomball*, we hold that the District is immune from suit.[18]  We hold that the trial court did not have jurisdiction over appellees' claims against the District.  We sustain the District's second issue, reverse the trial court's judgment denying the District's plea to the jurisdiction, and remand to the trial court for further proceedings consistent with this opinion.[19]

LINDA REYNA YAÑEZ,
Justice

Memorandum Opinion delivered and
filed this the 22nd day of October, 2009.

---

[17]  The supreme court's decision in *Tomball* was issued on May 1, 2009, well after briefing and oral argument in this case.  *See Tomball Reg'l Hosp.*, 283 S.W.3d at 849.  On May 15, 2009, the District filed "Supplemental Authority," arguing that the decision "directly addresses" the issue in the present case.  No response or supplemental authority was submitted by appellees.

[18] *See id.*

[19] Because the District's second issue is dispositive, we need not address its first issue.  *See* TEX. R. APP. P. 47.1.